D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MYNOR JONATAN MACZ-CACAO, AND
WALTERIO WINDER MACZ-CACAO,

        **Plaintiffs,**

  v.

**GERARD J. SWARTHOUT,**

        **Defendant.**
-------------------------------------------------------x

CASE NO. 1:23-cv-296 (LEK/ML)

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant Gerard J. Swarthout is a New York resident who owns and operates Truss and Trestle restaurant in Ulster County, New York.

4. Truss and Trestle has an annual gross volume of sales in excess of $500,000.

5. Plaintiff Mynor Jonatan Macz-Cacao worked for Defendant as a prep cook at Truss and Trestle from about November 2021 until January 2023.

6. Plaintiff Walterio Winder Macz-Cacao worked for Defendant as a kitchen helper at Truss and Trestle from about June 2022 until January 2023.

7. Defendant hired both Plaintiffs, set their rates of pay and schedules, and fired them both.

## FACTS

8. Plaintiff Mynor Jonatan Macz-Cacao typically worked seven (7) days per week. His typical shift lasted from about 8:00 a.m. until after 10:00 p.m.

9. Defendant paid Plaintiff Mynor Jonatan Macz-Cacao $25 per hour with no premium for hours worked in excess of 40 per workweek.

10. Plaintiff Walterio Winder Macz-Cacao typically worked six (6) days per week. His typical shift lasted from about 8:00 a.m. until after 10:00 p.m.

11. Defendant paid Plaintiff Walterio Winder Macz-Cacao $15 per hour with no premium for hours worked in excess of 40 per workweek

12. Plaintiffs were not paid New York's "spread of hours" premium when their shifts lasted longer than ten (10) hours.

13. Plaintiffs' pay stubs did not reflect the true amount of hours they worked in a given pay period.

14.     Plaintiffs were not given proper notices at the beginning of their employment delineating their rates of pay, overtime rates, and weekly pay day,

## **FIRST CLAIM FOR RELIEF**
**FLSA Overtime Violations, 29 U.S.C. § 207**

15.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

16.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has employed "employee[s]," including Plaintiffs.

17.     Throughout the statute of limitations period covered by these claims, Plaintiffs at times worked in excess of forty (40) hours per workweek.

18.     At all relevant times, Defendant operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs at one-and-one-half times their regular rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiff have been and are entitled to overtime.

19.     Plaintiffs seek damages in the amount of their unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**New York Overtime Violations**
**New York Minimum Wage Act, N.Y. Stat. § 650** *et seq.***,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4**

20. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

21. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

22. Throughout the Limitations period, Defendant willfully, regularly and repeatedly failed to pay Plaintiffs the required overtime rate of one-and-one-half times their regular rate for hours worked in excess of forty (40) hours per workweek.

23. As a result of Defendant's willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**THIRD CLAIM FOR RELIEF**
**New York Spread of Hours Violations**
**New York Minimum Wage Act, N.Y. Stat. § 650 et seq.:**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.6**

24. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

25. Plaintiffs regularly worked shifts that spanned over ten hours in a day.

26. On these occasions, Defendant failed to pay them the required "spread of hours" compensation required by New York Labor Law.

27. As a result of Defendant's willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## FOURTH CLAIM FOR RELIEF
### New York Notice Requirements, N.Y. Lab. L. §§ 195, 198

28.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

29.     Defendant did not provide Plaintiffs with proper wage notices and wage statements as required by N.Y. Lab. Law § 195.

30.     As a result of Defendant's unlawful conduct, Plaintiffs are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A.  An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

B.  Penalties available under applicable laws;

C.  Costs of action incurred herein, including expert fees;

D.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

E.  Pre-judgment and post-judgment interest, as provided by law; and

F.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
March 6, 2023

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.